UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DBI ARCHITECTS, P.C.,
    Plaintiff,

v.

AMERICAN EXPRESS TRAVEL
RELATED SERVICES CO., INC.,
    Defendant.

Civil Action No. 02-1729 (CKK)

MEMORANDUM OPINION
(March 30, 2006)

    The only issue outstanding in the instant case, which has been resolved in part on the motions and in part by a settlement agreement between the Parties, is whether Plaintiff is entitled to attorneys' fees and costs under the Truth in Lending Act ("TILA").  Presently before the Court are [51] Plaintiff DBI Architects, P.C.'s Motion for Partial Summary Judgment on Attorneys' Fees and Costs under 15 U.S.C. Section 1640, and Defendant American Express Travel Related Services Co., Inc's ["AETRS"] [52] Defendant's Motion for Summary Judgment.  The Parties respectively filed oppositions and replies to the aforementioned cross motions for summary judgment.  The Parties in this instant case also filed a [53] Joint Motion to Seal on May 19, 2005, asking the Court to grant the Parties the authority to redact in public filings and file under seal certain provisions of their Confidential Settlement Agreement, including any amounts paid by either party under that agreement.  Based on the aforementioned filings, the prior opinions of this Court and the U.S. Court of Appeals for the District of Columbia Circuit pertaining to the instant case, and the relevant statutes and case law, the Court shall DENY Plaintiff's Motion for Partial Summary Judgment, GRANT Defendant's Motion for Summary Judgment, and DENY the Parties' Joint Motion to Seal on the grounds that documents at issue have not (nor need be) filed

with the Court.

## I. BACKGROUND

The Parties have set out the procedural history of this case in their Joint Statement of Stipulated Facts, filed with the Court on April 28, 2005. *See dkt.* [47]. Since both Parties cite directly to or incorporate the facts as set out in this Joint Statement in their respective motions for summary judgment, the Court will rely upon the Joint Statement as the basis for setting out the factual history of the case to the extent necessary in making its determination as to whether Plaintiff is entitled to attorneys' fees and costs in the instant case.

Plaintiff, DBI, a business corporation, opened an American Express corporate account for business purposes sometime prior to August 2001. Jt. Stmt. Stip. Facts ¶¶ 1, 2. In August 2002, Plaintiff filed a Complaint against Defendant, AETRS, in the Superior Court for the District of Columbia, alleging common law conversion and TILA violations relating to transactions that occurred on Plaintiff's corporate account. *Id.* ¶¶ 3, 6. Specifically, Plaintiff sought relief in the amount of $162,139.04 relating to its conversion claim and $133,254.79 relating to its TILA claim. *Id.* ¶ 5; Compl. ¶¶ a (requesting that the Court award Plaintiff "[a] declaratory ruling that the Truth in Lending Act requires American Express to return $133,254.79 to Plaintiff DBI, as having been wrongfully retained by American Express after notification of the frauds on the DBI corporate account"), e. Plaintiff also sought "[a]ttorney's fees and costs under 15 USC Section 1640(a)(3)." Compl. ¶ d; Jt. Stmt. Stip. Facts ¶ 4. The lawsuit was removed from Superior Court to the instant Court. Jt. Stmt. Stip. Facts ¶ 7.

In a Memorandum Opinion and accompanying Final Judgment dated August 30, 2003, the instant Court granted summary judgment for AETRS on DBI's conversion claim. Final J. at

1.  The instant Court also "ORDERED that Defendant is LIABLE to Plaintiff under Plaintiff's Truth in Lending Act claim for $21,748.87." Final J. at 1.  The instant Court noted that the Final Judgment was a "final, appealable order." *Id.* at 2.  On or about September 10, 2003, Plaintiff filed its Notice of Appeal with the U.S. Court of Appeals for the District of Columbia Circuit. Jt. Stmt. Stip. Facts ¶ 10.

On November 9, 2004, the appellate court affirmed the instant Court's grant of summary judgment to Defendant on Plaintiff's conversion claim.  *DBI Architects, P.C. v. American Express Travel Related Services Co., Inc.*, 388 F.3d 886, 896 (D.C. Cir. 2004); Jt. Stmt. Stip. Facts ¶ 11.  The appellate court affirmed in part and remanded in part as to Plaintiff's TILA claim under 15 U.S.C. § 1643, stating, "Because the question of precisely when apparent authority arose cannot be resolved as a matter of law, we remand DBI's § 1643 claim to the district court to determine, or as appropriate to allow a jury to determine, at what point DBI's payment created apparent authority and thereby terminated DBI's protection under the statute." 388 F.3d at 894; Jt. Stmt. Stip. Facts ¶ 11.  It should be noted that neither the instant Court's Memorandum Opinion or Final Judgment dated August 30, 2003, nor the D.C. Circuit's Opinion of November 9, 2004, mentioned attorneys' fees and/or costs.  *See* Mem. Op. *generally;* Final J. *generally*; *DBI Architects*, 388 F.3d 886 *generally.*

After the appellate court issued its Opinion, the Parties settled all outstanding claims raised by DBI in this litigation except for DBI's claim for attorneys' fees and costs pursuant to TILA.  Jt. Stmt. Stip. Facts ¶ 12.  As such, "[t]he parties respectfully request that this Honorable Court decide whether DBI is entitled to recover from AETRS pursuant to 15 U.S.C. § 1640(a)(3) the attorneys' fees and costs DBI incurred in the litigation or some part thereof." *Id.* ¶ 13.

Furthermore, in the event that this Court were to determine that Plaintiff is entitled to recover such fees and costs from AETRS pursuant to 15 U.S.C. § 1640(a)(3), "then the parties respectfully request that this Court permit them to litigate the issue of the amount of such fees and costs to be awarded." *Id.* ¶ 14.

The Parties filed cross motions for summary judgment on the issue of whether Plaintiff is entitled to attorneys' fees and costs pursuant to 15 U.S.C. § 1640(a)(3). Plaintiff argues that both the law of the case and TILA itself entitle Plaintiff to attorneys' fees and costs in the instant action. In its law of the case argument, Plaintiff states that "[t]he only statutory section of TILA that creates the TILA cause of action filed by DBI, and the only damages cause of action on which Judgment was entered against AETRS, is 15 U.S.C. Section 1640(a)." Pl.'s Mot. Part. Summ. J. at 16. Plaintiff further argues on the merits that Section 1640 of TILA applies to a case brought to enforce Section 1643 of TILA, regardless of Plaintiff's status as a business entity. *Id.* at 19–26. Defendant, in its Motion for Summary Judgment, makes three major arguments in support of its claim that Plaintiff is not entitled to attorneys' fees and costs: (1) that Plaintiff waived its claim for fees by failing to timely raise a motion for fees according to the local rules or on appeal; (2) that Plaintiff's claim for fees is outside the scope of the D.C. Circuit's mandate; and (3) that Plaintiff is not entitled to attorneys' fees under TILA because Section 1640(a)(3) does not apply to business credit transactions. Def.'s Mot. Summ. J. at 3–14. Because the Court has determined that Plaintiff is not entitled to attorneys' fees and costs under 15 U.S.C. § 1640(a)(3), the Court need not reach the issues raised by Defendant as to whether Plaintiff's request for attorneys' fees and costs was timely made and/or beyond the scope of the appellate mandate.

## II.  LEGAL STANDARD

A party is entitled to summary judgment if the pleadings, depositions, and affidavits demonstrate that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).  Under the summary judgment standard, the moving party bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citation omitted).  The opposing party, in response to a summary judgment motion, must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324 (internal citations omitted).

Although a court should draw all inferences from the supporting records submitted by the nonmoving party, the mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  To be material, the factual assertion must be capable of affecting the substantive outcome of the litigation; to be genuine, the issue must be supported by sufficient admissible evidence that a reasonable trier-of-fact could find for the nonmoving party. *Laningham v. U.S. Navy*, 813 F.2d 1236, 1242–43 (D.C. Cir. 1987); *Liberty Lobby*, 477 U.S. at 251 (the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law").  "If the evidence is

merely colorable, or is not sufficiently probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249–50 (internal citations omitted). "Mere allegations or denials of the adverse party's pleading are not enough to prevent the issuance of summary judgment." *Williams v. Callaghan*, 938 F. Supp. 46, 49 (D.D.C. 1996). The adverse party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, while the movant bears the initial responsibility of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact, the burden shifts to the non-movant to "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Id.* at 587 (citing Fed. R. Civ. P. 56(e)) (emphasis in original).

### III.  DISCUSSION

**A.   *Plaintiff, a business entity with a corporate account used for a business purpose, is not entitled to Attorneys' Fees and Costs under 15 U.S.C. § 1640(a)(3).***

The question at issue is whether a prevailing party in an action pursuant to 15 U.S.C. § 1643 that is a business entity using a credit account for a business purpose is entitled to attorneys' fees and costs under 15 U.S.C. § 1640(a)(3). This question appears to be an issue of first impression in the federal (and state) courts. Fortunately, the Court need not look further than the plain language of TILA in order to conclude that Plaintiff in the instant case is not entitled to attorneys' fees and costs under Section 1640(a)(3). Furthermore, the D.C. Circuit Opinion in the instant case as well as case law regarding related TILA sections support this conclusion.

In a statutory construction case, we begin with the language of the statute " 'to determine

if its meaning is plain with regard to the particular dispute in the case.' " *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)). The inquiry ceases and the Court should not resort to an analysis of legislative history if the statutory language is clear and the statutory scheme is coherent and consistent. *Sigmon Coal*, 534 U.S. at 450; *Harris Trust &Sav. Bank v. Salomon Smith Barney Inc.*, 530 U.S. 238, 254 (2000) ("[I]n any case of statutory construction, our analysis begins with the language of the statute ... And where the statutory language provides a clear answer, it ends there as well." (citation and quotation marks omitted)). *See also Goldring v. District of Columbia*, 416 F.3d 70, 74–75 (D.C. Cir. 2005). Case law is clear that when statutory text is plain on its face, a court should not look to legislative history in applying the statute in a particular case. "[R]esort to legislative history is not appropriate in construing plain statutory language. '[W]hen the statute's language is plain, the sole function of the courts–at least where the disposition required by the text is not absurd–is to enforce it according to its terms.' " *United States ex rel. Totten v. Bombadier Corp.*, 380 F.3d 488, 494 (D.C. Cir. 2004) (quoting *Lamie v. United States Tr.*, 540 U.S. 526, 124 S. Ct. 1023, 1030 (2004)).

  In this case, the plain language of TILA excludes Plaintiff from obtaining attorneys' fees and costs pursuant to 15 U.S.C. § 1640(a)(3). With a few clearly delineated exceptions, most sections of TILA do not apply to businesses. Pursuant to 15 U.S.C. § 1603, "[t]his subchapter does not apply to the following: (1) Credit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes, or to government or governmental agencies or instrumentalities, or to organizations." 15 U.S.C. § 1603. The subchapter in which 15 U.S.C. § 1603 is found, "Subchapter I–Consumer Credit Cost Disclosure," includes Sections 1601–1667

of TILA.  However, an exception to the non-application of the subchapter to credit transactions for a business purpose is clearly and expressly delineated in 15 U.S.C. § 1645.  Titled "Business credit cards; limits on liability of employees," the Section provides, relevant to our purposes, as follows: "The exemption provided by section 1603(1) of this title does not apply to the provisions of sections 1642, 1643, and 1644 of this title . . . ."  15 U.S.C. § 1645.  Notably, Section 1640, the Section of TILA under which Plaintiff claims it is entitled to attorneys' fees, is not included in the list of exceptions to the business credit transaction exemption clearly delineated in 15 U.S.C. § 1645 as applicable to the title in its entirety.  Therefore, on its face, the business exemption of TILA provided by Section 1603(1) does apply to Section 1640 such that Plaintiff, a business entity who was extended credit for a business purpose, is not entitled to attorneys' fees or costs under Section 1640(a)(3).  In the face of the explicit nature of the exceptions listed in Section 1645 to the business exemption, the use of the term "person" in Section 1640 is not, as Plaintiff argues,[1] indicative of Congress's intent to include business entities within the auspices of Section 1640, considering Congress's express statement of the exceptions to Section 1603(1) in Section 1645.

   Despite Plaintiff's arguments to the contrary, Plaintiff's success under 15 U.S.C. § 1643–which, as stated above, <u>is</u> included in the list of sections to which the business exemption does not apply–does not require that the Court award damages or attorneys' fees to Plaintiff under 15 U.S.C. § 1640.  In its law of the case argument, Plaintiff states that "[t]he <u>only</u> statutory section of TILA that creates the TILA cause of action filed by DBI, and the only damages cause of action on which Judgment was entered against AETRS, is 15 U.S.C. Section 1640(a)."

---

[1] *See* Pl.'s Mot. Part. Summ. J. at 20–21.

(emphasis in original). Pl.'s Mot. Part. Summ. J. at 16. Plaintiff's statement misinterprets the opinions of the instant Court and the D.C. Circuit and inaccurately interprets the liability provision found in 15 U.S.C. § 1643.

The instant Court's Memorandum Opinion dated August 30, 2003, only discusses Plaintiff's TILA claim in the context of limits on cardholder liability under 15 U.S.C. § 1643[2]–in fact, neither the Memorandum Opinion nor the Final Judgment make any reference to 15 U.S.C. § 1640. The D.C. Circuit's Opinion dated November 9, 2004, discusses "DBI's § 1643 claim." *DBI Architects*, 388 F.3d at 888. The Circuit Court makes no mention of Section 1640–in fact, the language of the Opinion related to the TILA claim rests on the proper limits under Section 1643 of DBI's liability for charges incurred and consequently DBI's "recovery" from AETRS of payments made to AETRS. *Id.* at 894. The D.C. Circuit's Opinion further notes in passing that "remedies under § 1643" may be pursued by a cardholder, implying that a remedy may be pursued under a section of TILA other than Section 1640, despite Plaintiff's protestations otherwise. *Id.* at 892.

Case law further clarifies that Section 1640 is not the only provision of TILA under which a monetary remedy may be sustained. In *Williams v. Public Finance Corporation*, the Fifth Circuit held that Section 1640 is not an exclusive remedy under TILA. *Williams v. Public Finance Corp*, 609 F.2d 1179, 1182 (5th Cir. 1980) ("[T]he court in Sellers made clear that Congress did not make the remedies in s 1640 and s 1635 mutually exclusive . . . .") (citing *Sellers v. Wollman*, 510 F.2d 119 (5th Cir. 1975). Additionally, in an unpublished opinion,[3] the

---

[2] *See* Mem. Op. at 19–24.

[3] The instant Court looks to the reasoning in this unpublished Sixth Circuit opinion for its persuasive though not precedential authority. *See* D.C. Cir. R. 28(c)(2) ("Unpublished dispositions of other courts of appeals

9

Sixth Circuit reversed a district court award of attorneys fees and costs under TILA, holding that a Section 1638(b) violation did not fall within the reach of Section 1640(a)(3). *Dykstra v. Wayland Ford, Inc.*, 134 Fed. Appx. 911, 917 (6th Cir. 2005). "[W]e are convinced that § 1640(a)(3) provides for attorney fees and costs in only three instances: when actual damages are established under § 1640(a)(1); when statutory damages are established under § 1640(a)(2); and when a § 1635 right of rescission operates under § 1640(a)(3). [Appellee's] argument that 'liability' [in § 1640(a)(3)] refers to the entire TILA is simply not supported by the statute's language and structure." *Id.*

Finally, Plaintiff's reliance on *One Beacon Insurance Co. v. Null* is ill-founded. *See* Pl.'s Mot. Part. Summ. J. at 26. In *One Beacon Insurance*, a district court judge in the Eastern District of Pennsylvania, in an unpublished opinion, held that the statute of limitations period set forth in § 1640(e) applies to claims made under § 1643. *One Beacon Insurance Co. v. Null*, 2004 U.S. Dist. LEXIS 13513 (E.D. Pa.). Because *One Beacon Insurance* is an unpublished district court opinion from another district, Plaintiff should not have cited to let alone relied upon that opinion as persuasive under District of Columbia Circuit Rules. *See* D.C. Cir. R. 28(c)(2) ("Unpublished dispositions of other . . . district courts may be cited when the binding (i.e., the res judicata or law of the case) or preclusive effect of the disposition is relevant. Otherwise . . . unpublished dispositions of district courts may not be cited."). And even if the instant Court were to consider the reasoning on which that decision was based, the district court in that case did not discuss Plaintiffs' status as business entities or the implications of such status on the application of

---

. . . may be cited when the binding (i.e., the res judicata or law of the case) or preclusive effect of the disposition is relevant. Otherwise, unpublished opinions by other courts of appeals may be cited only under the circumstances and for the purposes permitted by the court issuing the disposition . . . .").

Section 1640.

Because Plaintiff is not entitled to seek attorneys' fees under Section 1640, a provision of TILA subject to the business exemption and not excluded in the exceptions listed in Section 1645, the Court shall deny Plaintiff's Motion for Partial Summary Judgment and grant Defendant's Motion for Summary Judgment. Plaintiff was a successful party in the instant action pursuant to Section 1643 of TILA, which is excluded from the business exemption, and was awarded relief under Section 1643 as such. Nothing in the law of the instant case, nor in the relevant case law in general, indicates a result to the contrary.

> **B.    *The Parties' Joint Motion to Seal shall not be granted, as the Parties have not yet submitted their Confidential Settlement Agreement (or listed any amounts included therein) to the Court and the Court need not have access to such amounts in determining the purely legal issue of whether Plaintiff is entitled to Attorneys' Fees and Costs.***

The Parties in this instant case also filed a [53] Joint Motion to Seal on May 19, 2005. While the Parties have disclosed certain terms of their Confidential Settlement Agreement to the Court by way of a [47] Joint Statement of Stipulated Facts, the Parties request that certain provisions of the Confidential Settlement Agreement be redacted from public filings:

> Due to the confidential nature of such information, the parties respectfully request that they be permitted to redact from the public version of their filings any information that is subject to the confidentiality provisions of their Confidential Settlement Agreement, including, but not limited to, any amounts paid by either party pursuant to that agreement.
> WHEREFORE, the parties respectfully request that this Honorable Court issue an Order granting the parties the authority to (i) redact from the public version of their filings any information that is subject to the confidentiality provisions of their Confidential Settlement Agreement including, but not limited to, any amounts paid by either party pursuant to that agreement, and (ii) file under seal any document that contains information that is subject to the confidentiality provisions of their Confidential Settlement Agreement including, but not limited to, any amounts paid by either party pursuant to that agreement.

Jt. Mot. Seal ¶ 6. While the Parties initially filed a [46] joint motion to seal on April 27, 2005, this motion was denied without prejudice by the Court because the Parties did not address the legal authority under which such a motion could be granted. The Court then instructed the Parties to address the six factors identified by the D.C. Circuit in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), as factors which the District Court should consider when resolving a motion to seal. The following six factors are to be considered when determining "whether and to what extent a party's interest in privacy or confidentiality of its processes outweighs this strong presumption in favor of public access to judicial proceedings[:]

> [](1) the need for public access to the documents at issue; (2) the extent to which the public had access to the documents prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced.

*Johnson v. Greater Southeast Comm. Hosp. Corp.*, 951 F.2d 1268, 1277, 1277 n.14 (D.C. Cir. 1991) (citing *Hubbard*, 650 F.2d at 317–22). While the sealing of court records barring public access may be justified when a litigant's privacy interest outweighs the public's right to know, the balancing of these important interests is a matter committed to the trial court's sound discretion. *Johnson*, 951 F.2d at 1277.

Citing to the six factors referenced by this Court in its Order denying the Parties' first motion to seal without prejudice, the Parties state in laundry list fashion (and notably without any real analysis) that the six factors articulated in both *Hubbard* and *Johnson* "strongly favor" sealing the amounts paid pursuant to the Confidential Settlement Agreement as follows:

> (1) there is no need for public access to these amounts; (2) the public had no prior access to the negotiations or the amount paid by either party pursuant to the Confidential Settlement Agreement; (3) the parties are jointly filing this Motion to Seal, thus both parties object to the disclosure of the amount; (4) both parties have strong privacy and

> property interests in keeping the amount confidential; (5) because both parties oppose disclosure, neither party will be prejudiced; and (6) the Joint Statement of Stipulated Facts is not being introduced for judicial ruling but merely as a listing for the Court of those facts which are not in dispute.

Jt. Mot. Seal ¶ 8. The Parties further argue that the "important public policy of encouraging settlements" is promoted by protecting the confidentiality of the Confidential Settlement Agreement at issue, citing cases from other districts and a law review article. *Id.* ¶¶ 11, 12.

However, based on the Court's review of the docket and all documents actually filed therein, as well as the Clerk's review of all sealed documents being held in the Clerk's office, it appears that the Parties in the instant case have not actually filed a sealed copy of the Confidential Settlement Agreement with the Court, nor have they filed any papers with confidential amounts referenced therein, despite references in the cross motions to facts "under seal." *See, e.g.*, Pl.'s Mot. Part. Summ. J. at 13. Since the Court does not need to know the terms of the Confidential Settlement Agreement, as it has determined that Plaintiff is not entitled to attorneys' fees and costs, the Court shall DENY the Parties' request to file the Confidential Settlement Agreement under seal and to provide the Court with a copy of the Joint Statement of Facts with the presently redacted settlement terms and amounts; the Court has relied on the Joint Statement of Facts already provided to the Court since such terms and amounts were irrelevant to its decision with respect to the cross motions for summary judgment. The Parties are instead directed to file a praecipe on the docket indicating, without needing to cite to specific terms and amounts, that a settlement between the Parties was reached with respect to all remaining claims in the instant case except for the attorneys' fees and costs issue addressed in the Parties' cross motions for summary judgment.

## IV.  CONCLUSION

Based on the foregoing reasoning, the Court shall DENY [51] Plaintiff DBI Architects, P.C.'s Motion for Partial Summary Judgment on Attorneys' Fees and Costs under 15 U.S.C. Section 1640; GRANT [52] Defendant's Motion for Summary Judgment; and DENY the Parties' [53] Joint Motion to Seal.  An Order accompanies this Memorandum Opinion.


Date:   March 30, 2006

                                         /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge